UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INAAM BASHI,

Plaintiff,

v.

WELLS FARGO HOME MORTGAGE, INC., et al.,

Defendants.

_______________________________/

CIVIL ACTION NO. 09-12108

DISTRICT JUDGE DAVID W. LAWSON

MAGISTRATE JUDGE DONALD A. SCHEER

**REPORT AND RECOMMENDATION**

## I. RECOMMENDATION:

I recommend that Plaintiff's Motion for Temporary Restraining Order be denied.

## II. REPORT:

### A. Procedural History

Plaintiff originally filed this action in the Oakland County Circuit Court on May 18, 2009. The case was removed to this court by the Defendants on June 1, 2009. Defendant Wells Fargo Home Mortgage, Inc. d/b/a America's Servicing Company ("Wells Fargo") filed its Answer on June 9, 2009. The case was assigned to the undersigned magistrate judge for general case management. A Scheduling Order was issued on June 11, 2009.

Plaintiff's Motion to Temporary Restraining Order was filed on August 25, 2009. Wells Fargo filed its Response on September 9, 2009. The motion was brought on for hearing on September 10, 2009.

**B. Factual History**

On December 23, 2005, Plaintiff closed two loans with Pathway Financial, LLC, a non-party. The first loan was for $382,000.00 and the second was for $95,000.00. Both loans were secured by real property located in Commerce Township, Michigan. Plaintiff's Complaint alleges that Defendants Wells Fargo and GMAC Mortgage Corporation ("GMAC") violated his rights under various federal and state statutes and common law. Count IV of the Complaint alleges that "Defendants" provided false disclosures in connection with the closing of the mortgage, in violation of the Federal Truth and Lending Act (15 U.S.C. §§1601 et seq.). That claim is the sole basis asserted for the relief sought in Plaintiff's Motion for Temporary Restraining Order.

**C. Analysis**

In determining whether a preliminary injunction should issue, a court must consider the following four factors: (1) whether the movant is likely to prevail on the merits; (2) whether the movant would suffer an irreparable injury if the court does not grant a preliminary injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest. Overstreet v. Lexington-Fayette Urban County Government, 305 F.3d 566, 573 (6th Cir. 2002). The moving party bears the burden of demonstrating entitlement to a preliminary injunction.

Although no single factor is controlling when determining whether a preliminary injunction should issue, the likelihood of success on the merits is often the predominant consideration. Gonzales v. National Bd. Of Med. Exam'rs, 225 F.3d 620, 625 (6th Cir.

2000) ("[A] finding that there is simply no likelihood of success on the merits is usually fatal."); Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1249 (6th Cir. 1997) ("while, as a general matter, none of [the] four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiff here has failed to demonstrate any likelihood of success on the merits. The Complaint alleges that the first loan was with Defendant Wells Fargo. (Complaint, Paragraph 11). The note and mortgage, however, reveal that the lender was Pathway Financial, LLC. (Exhibits A and B to Defendant's Brief in Opposition to Temporary Restraining Order). There is no reference in the loan document which identifies Wells Fargo as a party to the transaction. The balance of the Complaint contains no specific reference to Wells Fargo. Rather, Plaintiff alleges that the "lender" prepared a uniform residential loan application for Plaintiff which grossly exaggerated his income. Bashi further alleges that "Defendants" intentionally misrepresented his income so that he would qualify for the loan, and that Plaintiff "was promised" that the financing scheme was temporary, and that he could sell the property or refinance the loans "if paying the monthly loan payments became problematic." (Complaint, Paragraphs 16-20). Thereafter, Bashi charges that "Defendants" and other mortgage lenders, brokers and servicers, "systematically inflated the supposed market values of properties throughout the mortgage market in order to lend more money and sell the illbegotten mortgage loans on the mortgage-backed securities ("MBS") market." "Defendants" allegedly made many loans to borrowers who were unable to repay them, leading to artificially high mortgage loan amounts disproportionate to the true market values of the secured real estate.

Fed.R.Civ.P. 8(a)(2) provides that a pleading that states a claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." "A plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). A plaintiff must "allege a factual predicate concrete enough to warrant further proceedings." Foundation for Interior Design Educ. v. Savanna College of Art and Design, 244 F.3d 521, 530 (6th Cir. 2001). Furthermore, Fed.R.Civ.P. 9(b) provides that a party alleging fraud "must state with particularity the circumstances constituting fraud . . .." The fraud claims asserted in the instant Complaint are so broad and indefinite as to amount to nothing more than legal conclusions. While Plaintiff alleges that Wells Fargo was the lender, the documents flatly contradict that assertion. The Complaint asserts no facts whatever in support of the claim that Wells Fargo undertook any act constituting a fraud or undermining real estate values.[1]

Plaintiff's Count IV claims against Wells Fargo, which are the sole basis of his Motion for Temporary Restraining Order, are even more questionable. Wells Fargo asserts in its Response in Opposition to the Motion for Temporary Restraining Order that it did not originate the loan. The documents memorializing the transaction confirm that fact. Wells Fargo further maintains that it holds no interest in either of Plaintiff's loans, but is "simply the servicer of the first loan which has since been assigned to HSBC Bank USA, N.A., as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR 3 ("HSBC"). (Defendant's Opposition Brief, Page 5). Plaintiff has offered no evidence to contradict

[1] Co-Defendant GMAC Mortgage has filed a Motion to Dismiss on these grounds.

Wells Fargo's statements. At the hearing, counsel for Plaintiff was unable to offer a single fact to support an inference that Wells Fargo was a party to the loan, or that it currently held any beneficial interest in it. It should be noted that the assignee and current holder of the note and mortgage, HSBC, is not a party to this action.

> A "servicer" is not generally liable for recision or other damages. While assignees of loans may be liable for "TILA" violations, the statute draws a distinction between mere servicers of loans and assignees. See 15 U.S.C. §1641(f)(1). A servicer may be treated as an assignee only if the servicer is or was the owner of the obligation. However, a servicer is not treated as an owner on the "basis of an assignment of the obligation from the creditor or other assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation." 15 U.S.C. §1641(f)(2). "Servicing" is defined as "receiving any scheduled periodic payment from a borrower pursuant to the terms of any loan" and "making the payments of principal and interest as may be required." 12 U.S.C. §2605(2), (3) (cross referenced in 15 U.S.C. §1641(f)(3)).

Hubbard v. Ameriquest Mortgage Company, 624 F.Supp. 2nd 913 (N.D. Ill. 2008). I am satisfied that Plaintiff has no valid TILA claim against Wells Fargo.

Even if the substantive provisions of the TILA could support a claim for relief against this Defendant, the evidence would not appear to sustain it. Attached as Exhibits to Defendant's Brief in Opposition to the Motion for Temporary Restraining Order are the note, mortgage, truth in lending disclosure statement and loan history for the mortgage in issue. (Defendant's Exhibits A-D, inclusive). The disclosure statement correctly states the annual percentage rate and loan payment amounts to which Plaintiff agreed. It further advised Plaintiff that the disclosed amounts did not include assessments for property taxes and insurance. The mortgage which Plaintiff signed clearly stated his obligation to discharge the payments of principal and interest on the loan amount, all taxes, assessments, charges,

fines and impositions attributable to the property and the cost of insurance to protect the property from fire and other hazards. At the hearing, counsel for Plaintiff was unable to identify any erroneous or insufficient disclosure beyond the misstatement of the borrower's income in the loan application form. That form was signed by the Plaintiff, under the penalties for perjury. Plaintiff certainly knew his true income, and could hardly have been misled on that subject. Nothing revealed in the Complaint, Motion for Temporary Restraining Order or Oral Argument supports the inference that Wells Fargo participated in any way in bringing about his perjurious declaration. Plaintiff's counsel based his entire TILA claim upon Defendant's alleged, and totally undefined "affiliation" with the mortgage lender/broker. He expressed his hope that evidence to support the claim might be revealed in discovery.

In presenting a pleading to a court, an attorney certifies that, to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the claims stated have evidentiary support. A reasonable inquiry in this case would certainly have included a title search which would have revealed all parties and assignees of the underlying mortgage debt. Neither the original lender nor any assignee is named as a party in this case.

Plaintiff's TILA claims suffer yet another defect. 15 U.S.C. §1640(e) requires that any action for damages be brought within one year from the date of the occurrence of the truth in lending violation. No basis for equitable tolling of that limitations period has been asserted. 15 U.S.C. §1635(f) provides that an obligor's right of recision shall expire three years after the date of consummation of the transaction or sale of the property, whichever occurs first. That limitation is not subject to equitable tolling. <u>Beach v. Ocwen Fed. Bank</u>,

523 U.S. 410, 412 (1998). Plaintiff signed the note and mortgage at issue in this action on December 23, 2005. His Complaint was originally filed in the state court on May 18, 2009. His claims under TILA for recision and for damages are time barred.

Plaintiff correctly asserts that irreparable harm may flow to him by reason of the sale of his real estate. It is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. Basicomputer Corp. v. Scott, 973 F.2d 507, 511 (6th Cir. 1992). Because a piece of real property is unique, however, its loss has been considered irreparable. See Sayo, Inc. v. Zions First National Bank, 2006 WL 3240706 (E.D. Mich). While irreparable, the harm threatened to Plaintiff is not imminent. He may avoid the loss of his property by exercising his right of redemption under the Michigan Foreclosure Statute. Nonetheless, I consider that this factor favors the Plaintiff.

The granting a Temporary Restraining Order would harm the economic interests of the current holder of the note and mortgage, against whom Plaintiff has made no claim of wrongdoing. It is reasonable to assume that economic loss would flow from Plaintiff's refusal/inability to pay the mortgage note and HSBC's inability to execute on the collateral. There is no basis upon which to conclude that HSBC or Wells Fargo should be required to forego the legal remedies provided by state law. I find this factor to favor Defendant's position.

In my view, Plaintiff has not sustained the burden of establishing that the public interest would be served by the issuance of a Temporary Restraining Order or injunction. While there is a public benefit to widespread home ownership, the public benefits as well from a stable, reliable and predictable system of creditors rights. I conclude that this factor favors neither party.

In balancing the four facts essential to the court's decision, I find that the absence of any meaningful prospect of recovery on Plaintiff's underlying Complaint, and especially upon his TILA claims, should be the predominant consideration. Accordingly, I recommend that Plaintiff's Motion for Temporary Restraining Order be denied.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: September 22, 2009

**CERTIFICATE OF SERVICE**

I hereby certify on September 22, 2009, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 22, 2009: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217