UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INAAM BASHI,

        Plaintiff,

v.

GMAC MORTGAGE CORPORATION,
et al.,

        Defendants
_____/

CIVIL ACTION NO. 09-12108

DISTRICT JUDGE DAVID M. LAWSON

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**:

I recommend that Plaintiff's Motion to Dismiss Without Prejudice be deemed a voluntary dismissal without prejudice under Fed.R.Civ.P. 41(a)(1)(A)(I). I further recommend that Defendant GMAC Mortgage LLC's Motion to Dismiss be denied as moot.

**II.  REPORT**:

    **A.  Procedural History**

This matter is before the magistrate judge on Order of Reference for general case management. Plaintiff filed her original Complaint in the Oakland County Circuit Court on May 18, 2009. The case was removed to this court by Defendant Wells Fargo Home Mortgage, Inc. ("Wells Fargo") on June 1, 2009.  Defendant GMAC Mortgage, LLC ("GMAC") filed its consent to removal on June 15, 2009. Wells Fargo filed its Answer on June 9, 2009.

GMAC filed its Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), on June 22, 2009. Plaintiff filed her Response to the Motion on July 13, 2009, and GMAC filed a Reply

on July 27, 2009. The Motion was brought on for hearing on September 25, 2009, and taken under advisement.

Plaintiff filed her Motion to Dismiss Without Prejudice as to her claims against GMAC on November 5, 2009. On November 9, 2009, GMAC filed its Response and Objection.

### B.   Factual History

On December 23, 2005, Plaintiff closed two loans with Pathway Financial, LLC, a non-party.  The first loan was for $382,000.00 and the second was for $95,000.00. Both loans were secured by real property located in Commerce Township, Michigan. Wells Fargo is the loan service company for the first mortgage and GMAC is the service company on the second. Plaintiff's Complaint alleges that Wells Fargo and GMAC have violated her rights under various federal and state statutes and common law. On November 12, 2009, Plaintiff and Wells Fargo submitted a Stipulation for Dismissal of the Complaint as to Wells Fargo, without prejudice. The Stipulation was accepted by the court, and an Order granting the dismissal was entered.

GMAC filed a Motion to Dismiss Plaintiff's Complaint on June 22, 2009. Plaintiff filed a Response in Opposition to the Motion, and GMAC filed a Reply Brief. The Motion was heard on September 25, 2009, and taken under advisement.

On November 5, 2009, Plaintiff filed her Motion to Dismiss, without prejudice, her claims against GMAC.  GMAC filed a Response in Opposition on November 9, 2009, asserting that Plaintiff has no right to dismiss without prejudice at this juncture, and that its Motion to Dismiss the Complaint with Prejudice should be granted.

C.      **Applicable Law and Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides that a Complaint must be dismissed if it fails to state a claim upon which relief may be granted. A complaint need not contain detailed factual allegations. Nonetheless, a plaintiff's obligation to provide the "grounds" of his entitlement for relief, as mandated by Fed.R.Civ.P. 8(a)(2), requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Rather, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that the allegations are true. <u>Bell Atlantic Corporation v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007). The pleading must contain something more than a statement of facts which creates a mere suspicion of a legally cognizable right of action. The court should proceed on the assumption that all the allegations in the complaint are true. A well pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely," and Rule 12(b)(6) does not countenance dismissal based on a judge's disbelief of the plaintiff's factual allegations.  <u>Id.</u>

Fed.R.Civ.P. 41(a)(1) provides that a plaintiff may dismiss an action without a court order by filing either (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. Fed.R.Civ.P. 41(a)(1)(B). Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, and on such terms as the court considers proper.

3

### D. Analysis

Fed.R.Civ.P. 41(a)(1)(A) provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. In the case at bar, Defendant GMAC has not filed an Answer or a Motion for Summary Judgment. Rather, Defendant filed its June 22, 2009 Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6). In that Motion, Defendant took pains to point out that its reliance on documents not formally incorporated by reference or attached to the Complaint did not convert its Motion to Dismiss into a Motion for Summary Judgment. (Docket Entry #12, page 2 n.2). I am satisfied as to the accuracy of that proposition of law. Greenberg v. Life Ins. Co. Of Va., 177 F.3d 507, 514 (6th Cir. 1999).

The Federal Rules of Civil Procedure deal separately with motions to dismiss and motions for summary judgment. It is abundantly clear that those respective motions are separate and distinct from one another. Rule 41(a)(1) preserves the right of a plaintiff to dismiss his cause of action without a court order by the mere filing of a notice before the opposing party serves either an answer or a motion for summary judgment. The Rule makes no reference to a motion to dismiss as a bar to a plaintiff's right of voluntary dismissal.

> The seven defenses listed in Rule 12(b), at the option of the defendant, may be asserted in an answer or in a motion to dismiss.  If they are included in an answer, the service of the answer terminates the plaintiff's right to dismiss the action by notice.  However, subject to one possible qualification . . ., the plaintiff's right of voluntary dismissal is not terminated when such defenses are put forward in a motion to dismiss.  A motion to dismiss is neither an answer nor, unless accompanied by affidavits or other documents dealing with matters outside the pleadings that are not excluded by the district court, a motion for summary judgment; thus, unless

4

> formally converted into a motion for summary judgment under Rule 56, a significant number of decisions make . . . it clear that a motion to dismiss under Rule 12 does not terminate the right of dismissal by notice.

Wright and Miller, Federal Practice and Procedure: Civil Third, Section 2363.

Wright and Miller cite numerous circuit court authorities in support of their interpretation. The Second, Third, Fourth, Fifth, Seventh, Eighth and Ninth Circuits have adopted the rule. Id., at footnote 21. While I find no Sixth Circuit case which has addressed the issue, an unpublished district court opinion from our circuit has adopted the majority view. See, Keefer v. Ohio Department of Job and Family Services, 2005 WL 1969707 (D.C. Ohio).

The commentators note a possible exception to the general rule that a plaintiff may dismiss an action by notice before the defendant has submitted an answer. They cite Harvey Aluminum, Inc. v. American Cyanamid Company, 203 F.2d 105 (2nd Cir.), cert. denied, 345 U.S. 964 (1953) wherein the court denied voluntary dismissal, despite the absence of an answer or motion for summary judgment, based upon the court's extensive consideration of the defendant's efforts to have the case dismissed. Wright and Miller observe that Harvey while reasonable, has little support, and appears contrary to the great weight of judicial authority.

In the case at bar, GMAC did file a Motion to Dismiss. That Motion was opposed by Plaintiff, and a brief hearing was conducted. The consideration afforded by the undersigned magistrate judge to GMAC's dismissal effort is not comparable to the extensive (several days) hearing in Harvey, which produced a record of 420 pages in which the merits of the controversy "squarely were raised." Thus, even if the minority rule of Harvey were to be adopted, it would not apply to the circumstances of this action.

GMAC asserts that it would be prejudiced by a voluntary dismissal which allowed the possibility that Plaintiff would reassert her claims. Any such prejudice would, in my view, be minimal, as Defendant could simply reassert its motion to dismiss and resume its defense at precisely the same point. None of the grounds asserted in GMAC's Rule 12(b)(6) Motion would be diminished in the slightest sense by any delay. I am satisfied that no significant prejudice will result from Plaintiff's voluntary suspension of her case at this time. Since GMAC is simply a service company with respect to the mortgage in issue, the prospect that Plaintiff will refile a complaint against GMAC is remote. Thus, even if Defendant had sought dismissal in an Answer or Motion for Summary Judgment, I would recommend that the court approve Plaintiff's Motion to Dismiss voluntarily and without prejudice.

I note that Plaintiff expressed her desire for dismissal in the form of a Motion, rather than the "notice" contemplated in Rule 41. It may well be that Plaintiff failed to appreciate her right to voluntary dismissal without prejudice at this juncture. Nonetheless, I am satisfied that her "Motion" adequately evidences her desire and intent to terminate her prosecution of the Complaint against GMAC, without sacrifice of her right to reassert her claims in the future. I am satisfied that her "Motion" adequately communicates to Defendant the Plaintiff's intent to voluntarily suspend this action. Having afforded Defendant actual "notice" of that intent, before the filing of an Answer or Motion for Summary Judgment, I am satisfied that the Plaintiff is entitled to the benefit of voluntary dismissal pursuant to Rule 41(a)(1). Judicial economy would be best served by a prompt termination of these proceedings. Defendant GMAC, LLC's Motion to Dismiss should be denied as moot.

For all of the above reasons, I recommend that Defendant GMAC, LLC's Motion to Dismiss be denied as moot, and that this action be dismissed, without prejudice, as to Defendant GMAC.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: November 18, 2009

## CERTIFICATE OF SERVICE

  I hereby certify on November 18, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 18, 2009: **None.**

            s/Michael E. Lang
            Deputy Clerk to
            Magistrate Judge Donald A. Scheer
            (313) 234-5217